# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASMINE BATTLE, ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-05-19-HE |
| ) | |
| JOHN WHETSEL, *et al.*, ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state pretrial detainee appearing *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of her federal constitutional rights. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

Currently pending before the Court is the Motion to Dismiss of Defendant Oklahoma City Police Chief (William J. Citty) and Brief in Support [Doc. #38]. Plaintiff has been given the opportunity to respond to the Motion, *see* Order [Doc. # 41], but has not done so within the time permitted. The Court, therefore, in its discretion may deem the Motion confessed. *See* LCvR 7.2(f). It is recommended that Defendant's Motion, construed as a motion for summary judgment pursuant to Fed. R. Civ. P.56, be granted and that judgment as a matter of law be entered in favor of Defendant Oklahoma City Police Chief, William J. Citty. It is further recommended that Defendant Oklahoma City Police Department be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**Plaintiff's Claims**

Throughout the Complaint, Plaintiff references the place of her current confinement as the "Oklahoma County/City Detention Center." Plaintiff challenges the conditions of her confinement commencing September 8, 2004. On that date, she alleges she was denied the right to make a telephone call to either an attorney or to her father. She further alleges that she was threatened and intimidated during the course of a police interrogation of her.

Plaintiff also alleges that from September 8, 2004, and continuing thereafter she has been denied medical care, forced to live in unsanitary conditions and denied access to the courts. She further alleges understaffing makes the conditions of her confinement unsafe.

Defendant William J. Citty, Oklahoma City Police Chief (Defendant Citty) seeks dismissal of the Complaint against him. He contends the place of Plaintiff's confinement is the Oklahoma County Detention Center (OCDC) and that he is not responsible for the operation of the OCDC. Instead, John Whetsel, Sheriff of Oklahoma County, is responsible for the operation of the OCDC.[1]

In addition, Defendant Citty seeks dismissal on the ground that Plaintiff has failed to allege his personal participation in the alleged wrongdoings which form the basis of her Complaint. Particularly, Defendant Citty contends he did not personally participate in the interrogation of Plaintiff on September 8, 2004, about which she complains. Defendant Citty

---

[1] Plaintiff has also named Sheriff John Whetsel as a defendant in this action.

further asserts any constitutional challenges to the police interrogation are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

Because this Court has considered materials attached to Defendant's Motion to Dismiss, the Motion should be construed as a motion for summary judgment pursuant to Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(b). As previously set forth, Plaintiff has been given the opportunity to respond to Defendant Citty's Motion and was given notice that the provisions of Fed. R. Civ. P. 56 may apply.

Defendant Citty also seeks dismissal of the Oklahoma City Police Department. Defendant Citty correctly points out that Plaintiff has listed the police department as a defendant in the style of the Complaint. However, Plaintiff has not served or listed the police department on the praecipe for service. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) the Oklahoma City Police Department should be dismissed from this action.

## Analysis

I.   **Claims Against Defendant Citty**

Plaintiff states in her Complaint that she has sued all Defendants in both their official and individual capacities. Defendant Citty seeks dismissal of claims alleged against him in his individual capacity due to Plaintiff's failure to allege he has personally participated in any of the alleged wrongdoings which serve as the basis of the Complaint. *See, e.g., Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (personal participation is an essential allegation of a § 1983 claim). Defendant Citty is correct that the Complaint does not include any allegations to show his personal participation in the interrogation of Plaintiff on

3

September 8, 2004, or that he personally participated in the alleged unconstitutional conditions of her confinement.

Plaintiff includes as part of her conditions of confinement claims allegations that these conditions result from customs, patterns or practices of the Defendants. To the extent Plaintiff seeks to allege claims against the City of Oklahoma City by suing Defendant Citty in his official capacity, those claims are also subject to dismissal. *See, e.g., Myers v. Oklahoma County Board of County Com'rs*, 151 F.3d 1313, 1316 n. 2 (10th Cir. 1998) (claims against municipal officer in his official capacity are essentially claims against the municipality). Defendant Citty has attached to his Motion to Dismiss evidence demonstrating that neither he nor the City of Oklahoma City is responsible for the operation of the OCDC. *See* Motion to Dismiss, Exhibit A, Jail Services Agreement. Rather, pursuant to contractual agreement and Oklahoma law, Sheriff Whetsel is responsible for the operation of the OCDC. *See id.*; *see also* Okla. Stat. tit. 19, § 513 ("The sheriff shall have the charge and custody of the jail of his county, and all the prisoners in the same, and shall keep such jail himself, or by his deputy or jailer, for whose acts he and his sureties shall be liable."). Therefore, Defendant Citty cannot be held liable in his individual or official capacity for Plaintiff's claims alleging unconstitutional conditions of confinement while detained at the

OCDC.[2]   Based on this recommendation, it is not necessary to address Defendant Citty's request for dismissal pursuant to *Heck*.

## II.    Claims Against Defendant Oklahoma City Police Department

As set forth above, Plaintiff has also named the Oklahoma City Police Department as a Defendant in this action.  To the extent the Complaint can be construed to allege claims against the Oklahoma City Police Department, dismissal of this Defendant is proper on the ground that the police department is not a suable entity for purposes of 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 815 (D. Colo. 1991) *aff'd* 986 F.2d 1429 (10th Cir. 1993); *see also Ketchum v. Albuquerque Police Dept.*, No. 91-2200, 1992 WL 51481 at * 2 (10th Cir. March 12 1992) (unpublished op.)[3] ("police departments . . . are not suable entities under § 1983, because they lack legal identities apart from the municipality"); *Shangreaux v. Midwest City Police Dept.*, No. 91-6013, 1991 WL 104313 at *2 (10th Cir. June 12, 1991) (unpublished op.).  Therefore, it is recommended that the Oklahoma City Police Department be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[2]Moreover, Plaintiff is not being detained at the OCDC on charges of violations of any municipal ordinances of the City of Oklahoma City.  Rather Plaintiff is being detained on pending felony charges in violation of the laws of the State of Oklahoma.  *See* Defendant Citty's Motion, Exhibits B, C and D.  Therefore,  applying the definitions set forth in the Jail Services Agreement, Plaintiff is not a "City prisoner."  *See* Defendant Citty's Motion, Exhibit A.

[3]All unpublished opinions referenced in this Report are cited for their persuasive value in accordance with 10th Cir. R. 36.3(B).

**RECOMMENDATION**

It is recommended that Defendant Citty's Motion to Dismiss [Doc. #38], construed as a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, be granted and that judgment as a matter of law be entered in favor of Defendant Citty in both his individual and official capacity. It is further recommended that Defendant Oklahoma City Police Department be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**NOTICE OF RIGHT TO OBJECT**

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any such objections must be filed with the Clerk of the District Court by December 19th, 2005. *See* LCvR72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**STATUS OF REFERRAL**

This Report and Recommendation does not terminate the referral by the District Judge in this matter.

ENTERED this 29th day of November, 2005.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE