## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JASMINE BATTLE, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-05-19-HE |
| | ) | |
| JOHN WHETSEL, *et al.*, | ) | |
| Defendants. | ) | |

### REPORT AND RECOMMENDATION

Plaintiff, a state pretrial detainee appearing *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of her federal constitutional rights while detained at the Oklahoma County Detention Center (OCDC). The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

Currently pending before the Court is the Motion of Defendant Correction Healthcare Management, Inc. to Dismiss Plaintiff's Complaint for Insufficiency of Service of Process [Doc. #48]. Plaintiff has been given the opportunity to respond to the Motion, *see* Order [Doc. # 49], but has not done so within the time permitted. The Court, therefore, in its discretion may deem the Motion confessed. *See* LCvR 7.2(f). It is recommended that Defendant's Motion be granted.

### Analysis

Defendant Correctional Healthcare Management, Inc. (CHM) moves for dismissal of the Complaint pursuant to Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process. CHM also moves for dismissal of the Complaint on behalf of Defendants Shatzer and Jones. Ms. Shatzer is a former employee of CHM. Mr. Jones is a current employee of CHM.

Plaintiff filed her Complaint in this action on January 6, 2005. On June 13, 2005, the Court ordered Plaintiff to serve summons on the named defendants. *See* Order [Doc. #19]. This was the second order issued to Plaintiff on issues related to service of process.[1] The Court advised Plaintiff that service was to be effected on or before June 28, 2005, and that failure to effect service within that time period would subject the Complaint to dismissal pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

On June 28 and 29, 2005, and July 6, 2005, Plaintiff filed separate Praecipes for Summons. *See* Doc. ## 20, 21 and 22. Defendant CHM is not listed in any of the Praecipes, *see id.*, and Plaintiff has not made attempt at service of process as to Defendant CHM.

Plaintiff has filed returns of service as to Defendants Shatzer and Jones. *See* Process Receipt and Return [Doc. ##34 and 35]. However, in each return, an individual named Patsy Weedn is identified as the person upon whom service was made. CHM contends that Weedn is not authorized to accept service of process on behalf of either Defendants Shatzer or Jones.

The sufficiency of service of process as to each Defendant is addressed separately. As noted above, Plaintiff has failed to respond to CHM's Motion to Dismiss.

**I.    Defendant CHM**

Rule 4(c)(1) of the Rules of Civil Procedure requires that defendants in a civil case be served with a summons and a copy of the complaint. Service of a corporation may be

---

[1]By Order dated March 30, 2005 [Doc. #16], the Court directed Plaintiff to complete necessary service papers and furnish them to the Clerk for processing and issuance of summons on or before April 14, 2005.

effected in the manner prescribed for service upon individuals, *see* Fed. R. Civ. P. 4(e)(1), or by service upon an officer or agent of the corporation authorized to receive service of process.  *See* Fed. R. Civ. P. 4(h).

CHM states that it is a Colorado corporation with a registered address and registered service agent in Oklahoma.  Plaintiff has not effected service on CHM's registered service agent.  Nor has Plaintiff effected, or for that matter, even attempted service on CHM in any other manner.

In addition Plaintiff has failed to timely effect service of process.  Rule 4(m) sets forth the time limit for service of the summons and complaint:

> If service of summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).  As stated, Plaintiff has never had a summons issued to CHM despite permissive extensions of time to effect service of all Defendants.  Plaintiff has offered no explanation for her failure to serve this Defendant. The Court must nevertheless consider whether Plaintiff has shown "good cause" sufficient to justify another extension of time.  *See Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995).

*Espinoza* sets forth factors to be considered in determining whether to grant a plaintiff an extension of time to effect service.  *Id.* at 842.  The first factor to consider is whether the statute of limitations would bar the refiled action.  Plaintiff complains of actions beginning

in September 2004.  It does not appear, therefore, that the applicable statute of limitations would bar her claims in a refiled complaint against Defendant CHM.[2]  Another factor to consider is whether the Plaintiff has tried but has been unsuccessful in an attempt to serve the party.  As set forth, Plaintiff has made no attempt to effect service on Defendant CHM.  The Tenth Circuit has also held that good cause for failing to effect service is shown when a defendant avoids service.  *Hendry v. Schneider*, 116 F.3d 446, 449 (10th Cir. 1997).  In this case, there is no evidence that Defendant CHM has avoided service of process.  Plaintiff has failed to show good cause sufficient to warrant an extension of time under Rule 4(m).

Plaintiff has failed to properly and timely effect service of process on Defendant CHM.  Therefore, it is recommended that the Complaint be dismissed without prejudice to refiling against Defendant CHM pursuant to Fed. R. Civ. P. 12(b)(5).

## II.    **Defendant Karen Shatzer**

Defendant Shatzer is listed on the Praecipe for Summons filed by Plaintiff on June 28, 2005.  *See* Doc. #20.  On July 6, 2005, Plaintiff filed a return of service for Defendant Shatzer.  *See* Process Receipt and Return [Doc. #35].  The return indicates an individual named Patsy Weedn, OCSO (Oklahoma County Sheriff's Office) was served on July 5, 2005.  According to Defendant CHM's allegations, Shatzer was no longer employed by CHM and was not at the OCDC on that date.

---

[2]The statute of limitations for 42 U.S.C. § 1983 claims arising in Oklahoma is two years. *See Meade v. Grubbs*, 841 F.2d 1512, 1524 (10th Cir.1988).

Rule 4(e) of the Federal Rules of Civil Procedure sets forth the manner in which service of process may be made on an individual. Service may be effected by any method allowed by the law of the state in which the district court is located,[3] by personally delivering a copy of the summons and complaint to the individual defendant, or by leaving a copy at the individual's usual place of abode "with some person of suitable age and discretion then residing therein[.]" Fed.R.Civ.P. 4(e).

Plaintiff, in not responding to Defendant CHM's Motion, has failed to contest the allegations that service of process on Patsy Weedn is insufficient to establish service of process on Defendant Shatzer. Because the Process Receipt and Return reflects that Patsy Weedn was served at the OCDC, there was no effective service of process at Shatzer's "dwelling place" or "usual place of abode." Further, there is no evidence to indicate Weedn is an agent authorized to receive service of process on behalf of Shatzer.

Moreover, as with Defendant CHM, Plaintiff has failed to effect timely service of process on Defendant Shatzer pursuant to Fed. R. Civ. P. 4(m), and has not provided good cause for her failure to do so. Therefore, it is recommended that the Complaint be dismissed without prejudice to refiling against Defendant Shatzer pursuant to Fed. R. Civ. P. 12(b)(5).

---

[3] *See* Okla. Stat. tit. 12, § 2004 (C)(1)(c)(1).

**III.** **Defendant Jack Jones**

CHM additionally seeks dismissal of the Complaint as to claims alleged against Defendant Jack Jones  As CHM points out, Plaintiff had summons issued to Jones, but Jones is not specifically identified as a defendant in the Complaint.[4]

Plaintiff filed a return of service for Defendant Jones. *See* Process Receipt and Return [Doc. #34].  The return indicates the individual served was not Defendant Jones but, as with Defendant Shatzer, an individual named Patsy Weedn, OCSO (Oklahoma County Sheriff's Office).  According to Defendant CHM's allegations, Defendant Jones is an employee of CHM, not the Oklahoma County Sheriff's Department. It appears, therefore, that Plaintiff has failed to effect proper service of process on Jones.[5]  For the same reasons stated in relation to Defendant Shatzer, service of process on Weedn is insufficient to establish proper service of Defendant Jones. Because Plaintiff offers no proof of personal service of process on Jones, she has failed to demonstrate compliance with Fed. R. Civ. P. 4(e)(1).

Moreover, as with Defendants CHM and Shatzer, Plaintiff has failed to effect timely service of process on Jones and has not provided good cause for her failure to do so. Therefore, dismissal of the Complaint against Jones is proper pursuant to Fed. R. Civ. P. 12(b)(5).

---

[4]Plaintiff identifies "employees" of CHM as Defendants in the style of the Complaint.

[5]As set forth above, service of process has never been effected on Defendant CHM and, therefore, Plaintiff cannot purport to have effected service on Jones, as an employee of CHM, through service of CHM.

## RECOMMENDATION

It is recommended that Defendant Correction Healthcare Management Inc.'s Motion to Dismiss the Complaint for Insufficiency of Service of Process [Doc. #48] be granted and that the Complaint be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(5) as to Defendants Correction Healthcare Management Inc., Karen Shatzer and Jack Jones.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any such objections must be filed with the Clerk of the District Court by December 19th, 2005. *See* LCvR72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation does not terminate the referral by the District Judge in this matter.

ENTERED this 29th day of November, 2005.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE